UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CATHERINE CALBAZANA,

Plaintiff,

v.

BRADLEY POPE, et al.,

Defendants.

Case No. 3:26-cv-00241-ART-CLB

ORDER

Plaintiff Catherine Calbazana brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that she claims she suffered while incarcerated at the Lyon County Jail. (ECF No. 1-1.) On August 11, 2026, this Court ordered Calbazana to file an amended complaint by September 10, 2026. (ECF No. 4.) The Court warned Calbazana that the action could be dismissed if she failed to file an amended complaint by that deadline. (*Id.* at 9.) That deadline expired and Calbazana did not file an amended complaint, move for an extension, or otherwise respond.

**I. DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Calbazana's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Calbazana files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often

only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Calbazana needs additional time.[1] Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Calbazana's failure to file an amended complaint in compliance with this Court's August 11, 2026, order. The Clerk of Court is directed to enter judgment accordingly and close this case. If Calbazana wishes to pursue her claims, she must file a complaint in a new case.

It is further ordered that Calbazana's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

DATED: September 24, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

[1] The Court notes that it is not clear whether Calbazana received the Court's screening order. The Court's initial advisory letter addressed to Calbazana at Lakes Crossing Center came back as undeliverable. (ECF No. 3.) In the complaint, Calbazana listed both Lakes Crossing Center and Lyon County Justice Complex as her address. (ECF No. 1-1 at 1.) In light of this, the Court sent the screening order to both addresses. (ECF No. 4.) The order sent to Lyon County Justice Complex came back as undeliverable. (ECF No. 6.) In any case, either Calbazana received the Court's order and ignored it, or she is not able to receive Court filings at the addresses that she provided to the Court. Either way, issuing another order is not a meaningful alternative to dismissal.